## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

    DANIEL S. GAHAGAN

_____/

Case No. 03-MC-73703

Honorable Robert H. Cleland
Honorable David M. Lawson
Honorable Thomas L. Ludington

**ORDER DENYING PETITION TO VACATE SUSPENSION**

Before the court is a "Petition to Vacate Suspension," filed on January 12, 2009 by Petitioner Daniel S. Gahagan. The undersigned panel, having been assigned the matter by the Chief Judge of this district, conducted a hearing on the matter on November 2, 2009. Attorney Robert E. Edick from the Michigan Attorney Grievance Commission and Assistant United States Attorney Eric M. Straus appeared and noted their positions. Petitioner notified the panel that he desired to waive his right to appear personally at the hearing. For the reasons discussed below, the court will deny the Petition. (10/29/09 Notice.)

### I. BACKGROUND

On April 7, 2003, Petitioner was suspended from the practice of law by the Colorado Supreme Court for a period of one year and one day, effective May 15, 2003, with all but forty-five days of the suspension stayed. (8/30/07 Order at 1.) On April 8, 2003, the United States District Court for the District of Colorado was notified by the Colorado Supreme Court that Petitioner had been suspended from the practice of law. (*Id.*) Under the District of Colorado's local rules, because Petitioner was suspended in the Colorado state court, he was automatically

suspended from practicing law in the United States District Court for the District of Colorado as well.  (*Id.* at 1-2.)  The effective forty-five day portion of the one-year-and-a-day suspension elapsed, and the Supreme Court of Colorado reinstated Petitioner's license to practice law on June 30, 2003, converting the remainder of the one-year-and-a-day suspension to a term of probation.  (*Id.* at 2.)

After the state court's reinstatement order was entered, Petitioner moved for reinstatement in the United States District Court for the District of Colorado.  (*Id.*) Following a review of the record by the disciplinary panel of the District Court of Colorado, the panel issued an order reinstating Petitioner to the Bar of the United States District Court for the District of Colorado on August 28, 2003.  (*Id.*)

On September 12, 2003, Petitioner sent an affidavit to this court, stating that he had previously been suspended from the practice of law and asking for reinstatement in the Eastern District of Michigan.  (*Id.*)  After receipt of the affidavit, then-Chief Judge Lawrence P. Zatkoff issued an Order of Suspension on September 26, 2003, finding that pursuant to the reciprocal discipline rule of E.D. Mich. LR 83.22(g)(1), Petitioner had been automatically suspended from the practice of law before the United States District Court and the United States Bankruptcy Court for the Eastern District of Michigan.  (*Id.*)

A three-judge panel[1] convened a hearing on the petition for reinstatement on June 4, 2007.  (*Id.* at 3.)  Following the hearing, the panel issued an order

---

[1] The panel consisted of the Honorable Honorable Paul V. Gadola, the Honorable Robert H. Cleland, and the Honorable David M. Lawson.

denying the petition for reinstatement. (*Id.* at 1.) The panel held that Petitioner failed to present clear and convincing evidence demonstrating his fitness to be reinstated to practice law in this district as is required under Eastern District of Michigan Local Rule 83.22(i)(2).[2] (*Id.* at 6.)

About a year and a half later, on January 12, 2009, Petitioner filed the instant "Petition to Vacate Suspension." In his petition, Petitioner requests that the court vacate Petitioner's suspension which was issued on September 26, 2003. (1/12/09 Pet. at 1.) Petitioner argues that this court has improperly imposed an "indefinite suspension" contrary to the local rules. (*Id.* at 2.) Petitioner attempts to distinguish his current petition, in which he requests that the suspension be vacated, from a petition for reinstatement, which Petitioner admits this court has already denied. (*Id.*) According to Petitioner, he does not live in Michigan, and has no intention to practice law in Michigan. (*Id.*) Rather than seeking reinstatement, therefore, he "simply requests that the suspension be vacated in accord with reciprocal rule E.D. Mich. L.R. 83.22(g)(1)(A)." (*Id.*)

The Government filed a response in opposition to the petition on August 21, 2009, and a three-judge panel conducted a hearing on the matter on November 2, 2009.[3]

---

[2]This decision was based, in part, on the Government's allegations, at least facially supported by evidence, that Petitioner had "sought to circumvent his suspension, committed witness spoilation, and failed to be entirely forthcoming with notice to this Court as to his suspension in Colorado." (8/30/07 Order at 5.)

[3]The three-judge panel consisted of the Honorable Robert H. Cleland, the Honorable David M. Lawson, and the Honorable Thomas L. Ludington.

## II.  DISCUSSION

Under the local rules, when another jurisdiction disciplines an attorney, this court automatically imposes the same discipline in this district. E.D. Mich. LR 83.22(g)(1)(A).  The relevant rule, subtitled "Reciprocal Discipline," states:

> When another jurisdiction enters an order of discipline against an attorney admitted to practice in this court, the same discipline is automatically effective in this court without further action by the court. On receipt of written notice that another jurisdiction entered an order of discipline against an attorney admitted to practice in this court, the chief judge will enter an order imposing the same discipline, effective as of the date that the discipline was effective in the other jurisdiction. If the discipline imposed in the other jurisdiction has been stayed there, the court may defer reciprocal discipline until the stay expires.

E.D. Mich. LR 83.22(g)(1)(A).  By operation of this rule, when this district discovered that Petitioner had been suspended in another jurisdiction, he was suspended from practicing law in this district as well.  (9/26/03 Order.)  Petitioner argues that because the local rule requires "reciprocal discipline," when he was reinstated to practice law in Colorado then his suspension in this district should have been vacated.

We disagree.  The import of Local Rule 83.22(g) is only that it imposes reciprocal *discipline*; it does not provide for reciprocal *vacation* of that discipline. Under the language of the rule, the court automatically imposes the same discipline, but the rule does not state that the court automatically imposes the same temporal term of discipline.  This is particularly true when read in conjunction with other provisions of the local rules, which state how a discipline, including a reciprocal discipline, may be modified or lifted.  If the reciprocal

discipline rule merely required identical terms of discipline, there would be no need to provide a mechanism by which to vacate a reciprocal discipline–the discipline would be lifted in this district when lifted in the underlying jurisdiction. The local rules, however, provide for two mechanisms to vacate or modify a discipline imposed under the "Reciprocal Discipline" rule.

First, an attorney may apply to the chief judge of the district for a modification or vacation of a reciprocal discipline. E.D. Mich. LR 83.22(g)(2). If the attorney demonstrates that a modification or vacation is appropriate, the court must then order an alteration of the discipline. E.D. Mich. LR 83.22(g)(2)(B). However, Petitioner cannot rely on this rule to vacate his suspension because the rule expressly provides that any application to modify reciprocal discipline must be filed "[w]ithin 30 days after the effective date of the order of discipline." E.D. Mich. LR 83.22(g)(2)(A). Petitioner filed his "Petition to Vacate" on January 12, 2009, over five years after the reciprocal discipline was imposed.

Petitioner must therefore rely on the procedure set forth in Local Rule 83.22(i) for any relief from suspension. Rule 83.22(i) states that "[w]hen this court has suspended or disbarred an attorney under LR 83.22(g) or (h), the attorney may apply for reinstatement by filing in this court an affidavit that the jurisdiction that entered the order of discipline on which this court based its discipline has reinstated the attorney." E.D. Mich. LR 83.22(i)(1). The rule further explains a petitioner's burden in seeking reinstatement:

> (2) The attorney seeking reinstatement must prove by clear and convincing evidence that--

5

> (A) the attorney has complied with the orders of discipline of this court and all other disciplinary authorities.
>
> (B) the attorney has not practiced in this court during the period of disbarment or suspension and has not practiced law contrary to any other order of discipline.
>
> (C) the attorney has not engaged in any other professional misconduct since disbarment or suspension.

E.D. Mich. LR 83.22(i)(2). Petitioner cannot obtain relief under this rule because he has not met his burden of demonstrating that he has complied with all orders of discipline, has not practiced law in this court during his suspension, or that he has not engaged in any other professional misconduct since suspension. Indeed, Petitioner does not even attempt to argue that he has met any of these requirements, likely because –having stated that he does not desire reinstatement– he is not relying on this rule.

Instead, Petitioner relies solely on a misguided argument that indefinite suspension is contrary to the rule regarding reciprocal discipline. To the extent Petitioner intimates that it is somehow unjust or contrary to the local rules to apply an indefinite reciprocal suspension in this district where the underlying discipline in the other jurisdiction has since been alleviated, we do not agree. To accept that argument would be to ignore the reality "that disbarment and suspension proceedings are neither civil nor criminal in nature but are special proceedings, sui generis, and result from the inherent power of courts over their officers." *In re Echeles*, 430 F.2d 347, 349 (7th Cir. 1970). As such, proceedings to suspend – and once suspended, to reinstate – an attorney "are not for the

purpose of punishment, but rather seek to determine the fitness of an officer of the court to continue in that capacity and to protect the courts and the public from the official ministration of persons unfit to practice." *Ibid.* (citing *Ex parte Wall*, 107 U.S. 265 (1882)). Although fairness to the attorney seeking reinstatement certainly is a prominent factor in our considerations, "the real question at issue in a disbarment proceeding is the public interest and an attorney's right to continue to practice a profession imbued with public trust." *Id.* at 350 (citing *In re Fisher*, 179 F.2d 361 (7th Cir. 1950)). Therefore, we believe it is entirely appropriate, as the Government correctly points out, that the purpose of the local discipline rules, as expressed in the clear language of Local Rule 83.22, is to place the burden on the attorney to demonstrate that he is fit to practice law in this district after he has been disciplined in this district or in any other jurisdiction.

We therefore reject Petitioner's construction of the "Reciprocal Discipline" rule and find that in order to have a reciprocal discipline vacated or modified in any way, an attorney must either move for a modification within 30 days after the discipline was imposed or –if moving after the 30-day window– meet the requirements of Eastern District of Michigan Local Rule 83.22(i)(2). Petitioner here failed to move within 30 days under Rule 83.22(g)(2)(A) and has failed to meet his burden under Rule 83.22(i)(2). His petition will therefore be denied.

### III.  CONCLUSION

Accordingly, IT IS ORDERED that the "Petition to Vacate Suspension" [Dkt. # 17] is DENIED.

                          s/Robert H. Cleland  
                          ROBERT H. CLELAND  
                          UNITED STATES DISTRICT JUDGE

                          s/David M. Lawson  
                          DAVID M. LAWSON  
                          UNITED STATES DISTRICT JUDGE

                          s/Thomas L. Ludington  
                          THOMAS L. LUDINGTON  
                          UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2009, by electronic and/or ordinary mail.

                          s/Lisa G. Wagner  
                          Case Manager and Deputy Clerk  
                          (313) 234-5522